# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GARY W. JETER | : | DOCKET NO. 06-0081 |
| VS. | : | JUDGE MINALDI |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is the Commissioner's Motion to Remand this matter for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). [doc. # 14].[1] The government has effectively conceded error, and plaintiff does not oppose reversal. Yet, rather than remand for further proceedings, plaintiff contends that the matter should be remanded with instructions to award benefits.

The Commissioner seeks remand for an opportunity to obtain comments from a medical consultant to help determine whether plaintiff's condition approaches the criteria of Listing 4.02A, 20 C.F.R. § 404, Subpart P, Appendix I. Plaintiff argues that the existing record already establishes that he meets Listing 4.02A. However, a social security disability case can be remanded with instructions to make an award only if the record enables the court to determine definitively that the claimant is entitled to benefits. 42 U.S.C. §405(g); *McQueen v. Apfel*, 168 F.3d 152, 157 (5th Cir. 2000) (dissenting opinion)(citations omitted).

In the case *sub judice*, the evidence is not consistent regarding whether plaintiff meets

---

[1] The matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

Listing 4.02A. For instance, congestive heart failure as contemplated under Listing 4.02A requires evidence of fluid retention or peripheral or pulmonary edema of cardiac origin. *See*, Listing 4.00E. The medical record indicates that in March and August 2004, and February 2003, plaintiff had no edema. (Tr. 236-237). However, in August 2003, he did have edema. (Tr. 238).[2]

Similarly, Listing 4.02A contemplates the inability to carry on "any" physical activity. On January 21, 2003, the consultative physician opined that plaintiff could not perform any physical exertion. (Tr. 224). However, in April 2002, plaintiff was released by his physician to light duty. (Tr. 233). Moreover, despite a marked limitation of physical activity, plaintiff's treating physician opined in March 2005 that he was capable of frequently lifting less than ten pounds, and walking and standing for less than two hours in an eight hour day. (Tr. 243-247).

Upon remand, a medical consultant will be able to review the evidence and opine as to whether plaintiff meets or equals Listing 4.02A. We further note that the requirements for Listing 4.02A appear to have changed since 2005. *See*, Listing 4.02A (2006). The effect of the changes on the Commissioner's Step Three analysis can be addressed upon remand. Finally, we observe that the ALJ's residual functional capacity assessment seems to have been premised upon the cardiac residual functional capacity questionnaire completed by plaintiff's treating physician. (Tr. 242-247). Upon remand, should the Commissioner's analysis proceed beyond Step Three, she should ensure that the ALJ's residual functional capacity assessment incorporates all of the limitations of the medical questionnaire and that all of these limitations are included in

---

[2] On January 21, 2003, plaintiff had swelling in his ankle, but that appeared to stem from the harvesting of a vein from his left leg for his heart surgery. (Tr. 223).

the hypothetical posited to the vocational expert. (*Compare*, Tr. 243-247, 18, & 67).[3]

For the foregoing reasons,

IT IS RECOMMENDED that the Commissioner's motion to reverse and remand [doc. # 14] be GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on November 7, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[3] Provided that the ALJ relies on the medical questionnaire.