IN LAKE CHARLES
DEC 2 9 2008
ROBERT H. S...

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GARY W. JETER | : | DOCKET NO. 2:06-cv-81 |
| VS. | : | JUDGE MINALDI |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's Motion for Approval of an Attorney Fee Pursuant to 42 U.S.C. § 406(b).[1] Doc. 26. The Commissioner filed a response to plaintiff's motion for § 406(b) fees suggesting that it was untimely and that the fee was unreasonable. Doc. 28. The matter is now before the court.

### I.
### Background

Gary Jeter filed a complaint against the Social Security Administration (the Administration) before this court on January 12, 2006. Doc. 1. The Administration, through its Commissioner, filed its answer denying that plaintiff was entitled to social security disability benefits on May 4, 2006. Doc. 7. Plaintiff then filed his brief in support of his position on July 31, 2007. Doc. 10. After requesting additional time, the Administration filed a Motion to Remand for further proceedings before it, rather than filing an opposition brief. Doc. 14. In this Motion to Remand, the Administration recognized that evidence considered by the

---

[1] This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 for Report and Recommendation.

1

Administrative Law Judge (ALJ) could support a finding of disablement on the part of plaintiff. *Id.* at 2. Thus, the Administration sought reversal of the ALJ's decision and asked that further proceedings before the Administration be allowed so that further comments from a medical consultant could be taken. *Id.*

Plaintiff did not oppose remand, but argued that no further proceedings would be necessary for development of the record. Doc. 16, at 1. Instead, plaintiff asked that the court order remand but simply direct that the Administration provide plaintiff with the benefits without further delay. *Id.* at 2.

A Report and Recommendation issued November 7, 2006 suggesting the court follow the approach suggested by the Administration. Doc. 17. The Magistrate Judge noted that the Administration conceded error and determined that remand was appropriate but found that the court could not remand with instructions to make an award as it could not determine definitively that plaintiff was entitled to benefits. *Id.* at 1-2. Plaintiff objected to the Report and Recommendation. Doc. 18. The Report and Recommendation was accepted by the District Court on December 21, 2006. Doc. 19.

Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2414, and on February 22, 2007, plaintiff's counsel sought attorney's fees for 18.30 hours spent representing plaintiff before the District Court. Doc. 20. Counsel was awarded the maximum allowed under the Act, $125.00 per hour for a total fee of $2,287.50. Docs. 22-24.

Ultimately, plaintiff was awarded past-due disability benefits beginning September 2002 and ending March 2008 in the amount of $89,289.00. Doc. 26-2, at 13.

Pursuant to § 42 U.S.C. § 406(b), plaintiff's counsel now seeks approval for additional attorney's fees equal to 25% of plaintiff's past due benefits for legal services before this court.

Doc. 26-1, at 1. This fee is calculated by the Administration to be $22,322.25, less $5,300.00 already paid counsel pursuant to § 406(a) for legal services before the Social Security Administration. *Id.* Thus, counsel asks this court to award him $17,022.25 of plaintiff's past due benefits.

The Administration opposed the award, objecting that it does not appear to represent a reasonable attorney's fee.[2] Doc. 28, at 1. Additionally, the Administration opposed the motion as untimely pursuant to Fed. R. Civ. P. 54(d)(2). *Id.* at 1-2.

## III.
## Section 406(b) Fees

A. <u>Sources of Attorney's Fees in Social Security Cases</u>

As an initial matter, some explanation of the sources of attorney's fees in Social Security cases is in order.

When counsel represents a prevailing claimant, counsel may be awarded attorney's fees pursuant to two separate statutes, the Social Security Act, 42 U.S.C. § 406, and the Equal Access to Justice Act, 28 U.S.C. § 2414. With regard to the application of the Social Security Act, the Eastern District of Texas has explained:

> When a claimant prevails, the Social Security Act authorizes the Commissioner to award attorney's fees for work done at the administrative level. Similarly, the Act permits a federal district court to award attorney's fees for representation before the court. Attorney's fees awarded pursuant to either subsection of Section 406 are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded.
>
> A federal district court lacks authority to award fees for work done at the administrative level. Likewise, the district court generally does not possess jurisdiction to review an attorney's fee award of the Commissioner. Consequently, when attorneys litigate at both

---

[2] The Administration, although having no financial stake in the outcome of fee determination, plays the part in the fee determination resembling a trustee. Doc. 28, at 1 n. 2 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)).

3

levels, they ordinarily must seek attorney's fees from both the district court and the Commissioner to receive full and fair compensation.

*Brannen v. Barnhart* 2004 WL 1737443, at *2 (E.D. Tex. July 22, 2004) (internal citations and footnotes omitted).

The Eastern District also summarized application of the Equal Access to Justice Act:

> A prevailing litigant also may recover an award of attorney's fees pursuant to EAJA, an entirely separate statute. EAJA requires district courts to award reasonable attorney's fees when the Commissioner's position in the action was not "substantially justified." Unlike attorney's fees awarded under the Social Security Act, which are drawn from the claimant's recovery of past-due benefits, attorney's fees awarded pursuant to the EAJA are paid by the United States government.
>
> Federal district courts may award attorney's fees to prevailing claimants and their attorneys under both EAJA and the Social Security Act. An EAJA award is separate from a Section 406(b) award, and neither is limited or affected by the other. However, attorneys cannot achieve double recovery. When both awards are bestowed, attorneys must refund the lesser award to their clients. Thus, an EAJA award, in addition to a 406(b) award, "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket."

*Id.* at *2-3 (internal citations and footnotes omitted).

Thus, "[w]hen Social Security cases are litigated administratively and judicially, prevailing claimants and their attorneys may recover up to three attorney's fee awards: (1) from the Commissioner pursuant to 42 U.S.C. § 406(a); (2) from the district court pursuant to 42 U.S.C. § 406(b); and (3) from the district court pursuant to 28 U.S.C. § 2412(d)(1)(A). When both the second and third awards are received, the lesser must be returned to the client." *Id.*

B. Timeliness of the Motion for Attorney's Fees

The Administration argues that counsel's § 406(b) Motion for Attorney's fees is untimely. However, as discussed below, the court finds that counsel's late filing is excused.

4

On December 21, 2006, the district court adopted this court's recommendation that the decision of the Commissioner denying Gary Jeter social security benefits be reversed and remanded for further proceedings. Doc. 19. The time period to file a motion for attorney's fees under § 406(b) is governed by Federal Rule of Civil Procedure 54(d)(2) which provides that the motion for fees must be filed no later than 14 days after entry of judgment "unless otherwise provided by statute or order of the court." *Pierce v. Barnhart*, 440 F.3d 657, 663-664 (5th Cir. 2006); Fed. R. Civ. P. 54(d)(2). In the instant case, no statute or order provides otherwise.

Counsel for Mr. Jeter argues that, although technically a fee petition was due by January 4, 2007, his failure to file the petition by that day constitutes excusable neglect under Fed. R. Civ. P. 6(b)(2). Doc. 29, at 1. In support of his motion, counsel argues that he did not file his motion for § 406(b) fees within 14 days because: 1) it was not then known whether benefits would be granted on remand; 2) the Commissioner's appeal delays had not run; and 3) the court had not yet been presented with a petition for EAJA fees.[3] *Id.* at 1-2.

On at least two occasions, the Western District of Louisiana has determined that counsel's explanation satisfies the excusable neglect exception. In *Mason v. Astrue*, Docket No. 05-2134 (W.D. La. 6/27/2007), Memorandum Ruling, pp. 1-2 and *Reese v. Astrue*, Docket No. 06-1487 (W.D. La. 6/24/2008), Memorandum Ruling, p. 2, n.3, the court specifically found that the excusable neglect doctrine excused timeliness concerns associated with counsel's § 406(b) motion based on the three factors listed above.

These cases relied on the persuasive authority of the unpublished Fifth Circuit opinion, *Texas Soil Recycling, Inc. v. Intercargo Ins. Co.*, 2003 WL 21756344 (5th Cir. 2003). *Texas Soil*

---

[3] Under the Equal Access to Justice Act, 28 U.S.C. § 2412, a petition for fees does not ripen until the appeal delays have run (60 days after judgment). *See Melkonyan v. Sullivan*, 501 U.S. 89, 102, 111 S. Ct. 2157, 2165, 115 L. Ed. 2d 78 (1991); *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S. Ct. 2625, 2632, 125 L. Ed. 2d 239 (1993); Fed. R. App. P. 4(a)(1)(B).

also involved an application for attorney's fees, albeit under the circumstance of a breach of contract rather than under § 406(b). 2003 WL 2176344, at *1. The appeal court found that the district court properly allowed the seeker of the fees to file its motion outside the 14-day time limit under the "excusable neglect" exception contained in Fed. R. Civ. P. 6(b)(2) because "through no fault" of its own it did not have sufficient information to file the motion within the time limit. *Id.*

As in *Mason* and *Reese*, the court finds that the delay in filing the motion for attorney's fees in the instant case was unavoidable in light of the uncertainty remaining with regard to whether any fee could be collected.[4] Here, as in those cases, whether counsel was entitled to any fee could not be determined until the Administration made its determination of disability on remand. Thus, the court finds that the tardiness of counsel's § 406(b) motion is excused.

C. Fee Determination under § 406(b)

Section 406(b) provides that counsel to a successful claimant may receive a "reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C.§ 406(b). Additionally, the Fifth Circuit has held that where counsel has received an attorney's fee for work before the Administration, that fee aggregated with the fee earned for work before the district court cannot exceed 25 percent of the claimant's past due benefits. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970); *Brannen*, 2004 WL 1737443, at *3. Finally, as mentioned above, if the court awards a fee under § 406(b), the fee under the Equal Access to Justice Act must be returned.

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 794, 122 S. Ct. 1817, 1821, 152 L. Ed. 2d 996 (2002), the Supreme Court resolved an existing split between the circuit courts of appeal. In

---

[4] The possibility that counsel could receive any fee was contingent on plaintiff's success before the Social Security Administration. Doc. 26-2, at 10.

*Gisbrecht*, the Court rejected use of the lodestar approach to determining the reasonableness of attorney's fees under § 406(b), giving primacy instead to contingent-fee arrangements. . 535 U.S. at 793, 122 S. Ct. at 1820, 152 L. Ed. 2d 996. In *Gisbrecht* the Court said:

> [W]e conclude [that] § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 807-08, 122 S. Ct. at 1828, 152 L. Ed. 2d 996 (internal citations and footnotes omitted).

As observed by the Eastern District of Texas:

> Other than establishing primacy of a contingent-fee agreement, the Supreme Court offered little guidance, and left many questions unanswered. While the Court expressly rejected the lodestar approach as a starting point, certain aspects of a lodestar approach remain in the calculus. For example, the Court instructs that district courts should look to the character of the representation and results obtained. Furthermore, the Court suggests examining hours worked and a reasonable hourly rate. The overall result is a

> conundrum. District courts are left to determine how much of the
> lodestar approach is still viable.[5]

*Brannen*, 2004 WL 1737443, at *5.

Indeed, courts have struggled significantly in applying *Gisbrecht*. As noted in *Brannen*, courts have allowed de facto hourly rates of greater than $1400.00 per hour. *Id.* Even within the Western District of Louisiana, courts have allowed fees reaching greater than $450.00 per hour. *See, e.g., Reese v. Astrue*, Civil Action No. 5:06-cv-1487, Docs. 26, 27 (June 24, 2008).

Published decisions of district courts within the Fifth Circuit have looked to the factors set out in *Gisbrecht*, including character of the representation, the results achieved, whether the fee-requesting attorney was responsible for delay of the case and whether the attorney received a windfall (i.e. benefits large in comparison to the amount of time spent on the case). *Brannen*, 2004 WL 1737443, at *5. Further, in deciphering the windfall consideration, courts have considered the risk of loss in the representation, the experience of the attorney, the percentage of past due benefits the fee constitutes, the value of the case to the claimant, and whether the client consents to the requested fee. *Id.*

In applying the factors set out above to the instant matter, the court is conscious of its role as the arbiter of reasonableness. As noted in *Gisbrecht*, while primacy is given to the contingent fee agreement, it is exposure to court review plus the statute's 25 percent limitation that provides a check on that agreement to prevent it from resembling an adherence contract. 535 U.S. at 807, 122 S. Ct. at 1828, 152 L. Ed. 2d 996.

Looking to the factors set out in *Gisbrecht*, it is clear that counsel for plaintiff successfully argued this case before both the district court and on remand before the

---

[5] The Eastern District of Texas quotes Scalia's dissent: "I do not know what the judges of our district courts and courts of appeals are to make of today's opinion." *Gisbrecht*, 535 U.S. at 809, 122 S. Ct. at 1829, 152 L. Ed. 2d 996 (Scalia, J., dissenting).

8

Administration, securing benefits for his client. There are no indications of delay on the part of counsel, and the Administration does not argue that this would be grounds for a fee reduction in this case. Doc. 28, at 3. Further, counsel has shown himself to be an experienced social security attorney and that plaintiff does not object to the fee. Doc. 26-2. The fee constitutes 25 percent of past-due benefits, the percentage consented to by plaintiff in the fee agreement. *Id.* Finally, the value of the case to the claimant is obviously very high. Counsel secured him over $89,000.00 in past-due benefits plus an unknown amount of future benefits. Doc. 26-1, at 2.

The Administration's only argument that the fee sought is not reasonable is based on the de facto hourly rate that counsel would receive. The Administration argues that counsel spent 18.3 hours before the court and that the requested fee of $17,022.25 represents an hourly rate of $930.17 if he received the full 25 percent requested. *Id.* at 4. Thus, the sole question for this court to answer is whether the Administration is correct that the fee represents a windfall.

As an initial matter, Counsel argues that the de facto hourly rate for work before this court is not so high as the Administration alleges. He argues that he in fact spent 20.1 hours representing his client in matters before this court (2.8 hours more alleged by the Administration). Doc. 28, at 4. Counsel asserts that the government based its number on work done before the case was remanded to the Administrative Law Judge for determination.

Section 406(b) does not distinguish between representation before or after remand and we see no reason why it should. Accordingly we agree that all representation should be considered rendering the de facto hourly rate based on 20.1 hours of work to be $846.88 per hour. This $846.88 per hour would be an hourly rate six times higher than the normal hourly rate of $125.00 per hour charged by counsel. We find this rate to be high.

Looking to the risk of loss in the representation for some possible justification for a rate

six times the attorney's normal rate, the court notes that there is always a substantial risk of failure involved in social security disability cases because judicial review is deferential to the Administration's decision. *Brannen*, 2004 WL 1737443, at *5. It has been observed that roughly 50 percent will lose at the district court level. *Mentzell v. Astrue*, 2008 WL 4534141, *3 (M.D. Fla. Oct. 7, 2008). In the instant case, however, the risk of loss was lower than in a normal social security case because the Administration stipulated to remand and admitted that the ALJ may have erred in denying plaintiff benefits.

Even with a lessened risk of loss in the instant case, primacy must be given to the contingent nature of the agreement between plaintiff and counsel. Thus, while the court finds that the fee sought by counsel is unreasonable under § 406(b) it will not apply a lodestar type of analysis and grant counsel only $125.00 per hour multiplied by the reasonable number of hours spent in the representation.

In cases similar to the instant one, where a fee reduction is warranted, other courts including within this Circuit have reduced the fee to 2.5 times the rate normally charged by the attorney. *Mentzell* 2008 WL 4534141, at *3; *Ellick v. Barnhart*, 445 F.Supp.2d 1166 (C.D. Cal. Aug. 17, 2006); *Norstrand v. Barnhart*, 2005 U.S. Dist. Lexis 9618 (W.D. Tex. May 12, 2005); *Ogle v. Barnhart*, 2003 U.S. Dist. Lexis 22422 (D. Me. Dec. 12, 2003). This court observes that such a reduction preserves the primacy of the contingency nature of the contract between plaintiff and counsel, while also preventing the award of an unreasonable fee.

Multiplying counsel's normally hourly rate of $125.00 by 2.5 results in an hourly rate of $312.50 per hour. Taking this hourly rate and multiplying it by the 20.1 hours that counsel avers he has represented plaintiff before this court results in a fee of $6,281.25. As noted above, this award will be offset by the EAJA award entered already in the amount of $2,287.50. This will

result in payment to plaintiff's counsel in the amount of $3,993.75, an amount the court considers reasonable and appropriate under the circumstances before it.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on December 29, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE